UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY MILLER, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED,<br><br>　　　　　Defendant. | Civil Action No. 08-cv-3012 |

**DECLARATION OF JOSEPH E. LEVI**

I, Joseph E. Levi, declare under penalty of perjury as follows:

1.　　　I am a partner in the law firm of Levi & Korsinsky, LLP. I submit this declaration in support of the LHB Insurance Group's motion for appointment as lead plaintiff and for approval of its selection lead counsel and liaison counsel for the class.

2.　　　Pursuant to Section 78u-4(a)(3)(A)(i) of the Private Securities Litigation Reform Act ("PSLRA"), on March 25, 2008, the law firm of Girard Gibbs LLP caused to be published a notice over a national business-oriented wire service, Business Wire, advising members of the proposed class that a securities class action was filed and that investors had the right to move for appointment as lead plaintiff no later than May 25, 2008. *See 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).* Business Wire distributes news to more than 2,000 different outlets, including *Dow Jones News Retrieval, Associated Press and Reuters.* Attached hereto as Exhibit A is true and accurate copy of this notice.

3. All of the members of the LHB Insurance Group completed certifications in accordance with Section 78u-4(a)(2) of the PSLRA. Attached hereto as Exhibit B is a true and accurate copy of these certifications.

4. A true and accurate copy of Levi & Korsinsky's firm resume is annexed hereto as Exhibit C.

Signed under the pains and penalties of perjury this 27th day of May, 2008.

/s/ Joseph E. Levi
_____
Joseph E. Levi

# EXHIBIT A

Back



**News and Free PR**



# Girard Gibbs LLP Announces Class Action Lawsuit Filed Against Morgan Stanley (NYSE:MS)

2008-04-01 04:43:58 -

- The law firm of Girard Gibbs LLP (www.girardgibbs.com) announces that it has filed a class action lawsuit on behalf of persons who purchased Auction Rate Securities from Morgan Stanley (NYSE:MS) and Morgan Stanley & Co. Inc., between March 25, 2003 and February 13, 2008, inclusive (the "Class Period"), and who continued to hold such securities as of February 13, 2008.

The class action, captioned Jamail v. Morgan Stanley, et al., 08-cv-3179 is pending in the United States District Court for the Southern District of New York. The class action is brought against Morgan Stanley and its wholly-owned broker-dealer subsidiary, Morgan Stanley & Co. Inc.

The Complaint alleges that Morgan Stanley violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by deceiving investors about the investment characteristics of auction rate securities and the auction market in which these securities traded. Auction rate securities are either municipal or corporate debt securities or preferred stocks which pay interest at rates set at periodic "auctions." Auction rate securities generally have long-term maturities or no maturity dates.

The Complaint alleges that, pursuant to uniform sales materials and top-down management directives, Morgan Stanley offered and sold auction rate securities to the public as highly liquid cash-management vehicles and as suitable alternatives to money market mutual funds. According to the Complaint, holders of auction rate securities sold by Morgan Stanley and other broker-dealers have been unable to liquidate their positions in these securities following the decision on February 13, 2008 of all major broker-dealers including Morgan Stanley to "withdraw their support" for the periodic auctions at which the interest rates paid on auction rates securities are set.

The Complaint alleges that Morgan Stanley failed to disclose the following material facts about the auction rate securities it sold to the class: (1) the auction rate securities were not cash alternatives, like money market funds, but were instead, complex, long-term financial instruments with 30 year maturity dates, or longer; (2) the auction rate securities were only liquid at the time of sale because Morgan Stanley and other broker-dealers were artificially supporting and manipulating the auction rate market to maintain the appearance of liquidity and stability; (3) Morgan Stanley and other broker-dealers routinely intervened in auctions for their own benefit, to set rates and prevent all-hold auctions and failed auctions; and (4) Morgan Stanley continued to market auction rate securities as liquid investments after it had determined that it and other broker dealers were likely to withdraw their support for the periodic auctions and that a "freeze" of the market for auction rate securities would result.

If you purchased or otherwise acquired Auction Rate Securities from Morgan Stanley between March 25, 2003 and February 13, 2008, and continued to hold such securities as of February 13, 2008, you may, no later than May 27, 2008, request that the Court appoint you as lead plaintiff. A lead plaintiff is a representative party acting on behalf of other class members in directing the litigation. To be appointed lead plaintiff, the Court must decide that your claim is typical of the claims of other class members, and that you will adequately represent the class. Your ability to share in any recovery is not affected by the decision whether or not to serve as a lead plaintiff. You may retain Girard Gibbs LLP, or other attorneys, to serve as your counsel in this action.

If you wish to discuss your rights as an investor in auction rate securities through Morgan Stanley or any other brokerage, please contact Girard Gibbs LLP toll-free at (866) 981-4800. A copy of the complaint is available from the Court, or can be viewed on Girard Gibbs LLP's website at: www.girardgibbs.com/auctionrate.html.

Girard Gibbs LLP is one of the nation's leading firms representing individual and institutional investors in securities fraud class actions and litigation to correct abusive corporate governance practices, breaches of fiduciary duty and proxy violations. For more information, please access the firm's web site, www.girardgibbs.com/auctionrate.html. To discuss this class action with us, please contact the following attorneys:

Daniel C. Girard (dcg@girardgibbs.com)

Jonathan K. Levine (jkl@girardgibbs.com)

Aaron M. Sheanin (ams@girardgibbs.com)

601 California Street, 14th Floor

San Francisco, CA 94108

Phone number: (866) 981-4800

Website: www.girardgibbs.com/auctionrate.html

Girard Gibbs LLP
Daniel C. Girard, 415-981-4800
Jonathan K. Levine, 415-981-4800
Aaron M. Sheanin, 415-981-4800

**Love Marilyn Monroe?**
Hundreds of Posters and Pictures Custom framing, Fast shipping

Ads by Google

**Press release:** www.pr-inside.com
**Kontaktinformation:** e-mail

**Disclaimer:** If you have any questions regarding information in these press releases please contact the company added in the press release. Please do not contact pr-inside. We will not be able to assist you. PR-inside disclaims contents contained in this release.

# EXHIBIT B

## CERTIFICATION

I, Gary Miller, state: Florida

1. I have reviewed the Complaint and authorized its filing.

2. Further, I am willing to serve as a representative on behalf of the Class.

3. I did not purchase any of the securities described below at paragraph 4 for the purpose of participating in this litigation.

4. Below is the amount of securities that are the subject of this litigation that I have bought and sold during the Class Period described in the Complaint:

| Security Name | Date | Purchase/Sale | Amount |
|---|---|---|---|
| ING PRIME RATE TRUST F7 | 7/14/2006 | Purchase | $ 50,000 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5. I have not served as a representative party on behalf of a class under the federal security laws during the last three (3) years, except if detailed below.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me, or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare under penalty of perjury that the aforementioned is true and correct.

Dated: March 19, 2008

_____
Signature

## CERTIFICATION

I, HAROLD WEINBERG, state:

1. I have reviewed this Complaint from Levi & Korsinsky, LLP and authorized its filing on my behalf.

2. Further, I am willing to serve as a representative on behalf of the Class.

3. I did not purchase any of the securities described below at paragraph 4 for the purpose of participating in this litigation.

4. Below is the amount of securities that are the subject of this litigation that I have bought and sold during the Class Period described in the Complaint:

| Security Name | Amount |
|---|---|
| DC GO-A2 F-180 BE | 850,000 |
| PHILA TH/35-B2 BE REV | 175,000 |
| Pennsylvania St Higher ED Assistance Stud Ln | 125,000 series HH9 |

5. I have not served as a representative party on behalf of a class under the federal security laws during the last three (3) years, except if detailed below.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me, or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare under penalty of perjury that the aforementioned is true and correct.

Dated: 4/20/08

Signature: [signed]   Print Name: HAROLD WEINBERG
Address: 9707 Asti Lane, LAKE Worth, FL. 33467
Email: harwnb@aol.com   Phone: 561 357-9424
Selling Broker: MORGAN STANLEY

**Please return either by fax to (212) 363-7171 or Email to jlevi@zlk.com**

## CERTIFICATION

I, Michael Pepe Sr., state:

1. I have reviewed the Complaint and authorized its filing.

2. Further, I am willing to serve as a representative on behalf of the Class.

3. I did not purchase any of the securities described below at paragraph 4 for the purpose of participating in this litigation.

4. Below is the amount of securities that are the subject of this litigation that I have bought and sold during the Class Period described in the Complaint:

| Security Name | Date | Purchase/Sale | Amount |
|---|---|---|---|
| xxx | xxx | Purchase | $ xxx |
| N.Y. STATE LOCAL GOVT ASSTNCS CORP | 10-18-07 10-19-07 | PURCHASE | $ 50,000 |
| N.Y. STATE URBAN DEVEL CORP | 10-17-07 10-18-07 | PURCHASE | $ 50,000 |
| N.Y STATE DORM AUTHORITY REV SER B1 | 10-17-07 10-18-07 | PURCHASE CALLED | $ 50,000 |
| xxx | xx | xx | xx |
| | | | |
| | | | |

5. I have not served as a representative party on behalf of a class under the federal security laws during the last three (3) years, except if detailed below.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me, or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare under penalty of perjury that the aforementioned is true and correct.

Dated: April ___, 2008

May 9, 2008

_____
Signature
MICHAEL E. PEPE

## CERTIFICATION

I, James Dougherty, state:

1. I have reviewed this Complaint from Levi & Korsinsky, LLP and authorized its filing.

2. Further, I am willing to serve as a representative on behalf of the Class.

3. I did not purchase any of the securities described below at paragraph 4 for the purpose of participating in this litigation.

4. Below is the amount of securities that are the subject of this litigation that I have bought and sold during the Class Period described in the Complaint:

| Security Name | | | Amount |
|---|---|---|---|
| 4/9/07 | Still own | Mass EDL's | $150,000 |
| 4/9/07 | 3/19/08 | Citizens' PPTY '21 | $50,000 |
| 4/9/07 | 3/14/08 | Citizens. PPTY | $100,000 |

5. I have not served as a representative party on behalf of a class under the federal security laws during the last three (3) years, except if detailed below.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me, or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare under penalty of perjury that the aforementioned is true and correct.

Dated: May 27, 2008

Signature: /s/ James D. Dougherty        Print Name: James D. Dougherty

Address:    6 McKeen Street        Brunswick ME        04010

Email            jdoughe@verizon.net        Phone (207) 373-1375

Sellling Broker:    Allen Nottke

**Please return either by fax to (212) 363-7171 or Email to jlevi@zlk.com**

CERTIFICATION

I, _Brian Frank_, state:

1. I have reviewed this Complaint from Levi & Korsinsky, LLP and authorized its filing on my behalf.

2. Further, I am willing to serve as a representative on behalf of the Class.

3. I did not purchase any of the securities described below at paragraph 4 for the purpose of participating in this litigation.

4. Below is the amount of securities that are the subject of this litigation that I have bought and sold during the Class Period described in the Complaint:

Security Name _Greenpoint Manufactured 456_   Amount _200,000_

5. I have not served as a representative party on behalf of a class under the federal security laws during the last three (3) years, except if detailed below.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me, or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare under penalty of perjury that the aforementioned is true and correct.

Dated: _4-28-08_

Signature _BF_   Print Name: _Brian Frank_

Address _17 Woodward Ln Basking Ridge NJ 07920_

Email _brianfrank@yahoo.com_   Phone _908-577-1185_

Selling Broker _Morgan Stanley_

**Please return either by fax to (212) 363-7171 or Email to jlevi@zlk.com**

## CERTIFICATION

I, Gil Halasz, state:

1. I have reviewed the Complaint and authorized its filing.

2. Further, I am willing to serve as a representative on behalf of the Class.

3. I did not purchase any of the securities described below at paragraph 4 for the purpose of participating in this litigation.

4. Below is the amount of securities that are the subject of this litigation that I have bought and sold during the Class Period described in the Complaint:

| Security Name | Date | Purchase/Sale | Amount |
|---|---|---|---|
|  |  | Purchase | $ |
| NUVEEN VA DIV ADV 2 MF | 8/22/05 | 1 | 25,000.00 |
| NUVEEN VA PREMIUM INCT F | 4/28/04 | 3 | 75,000.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5. I have not served as a representative party on behalf of a class under the federal security laws during the last three (3) years, except if detailed below.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me, or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I declare under penalty of perjury that the aforementioned is true and correct.

Dated: March 31, 2008

_____
Signature (Gil Halasz)

# EXHIBIT C

## LEVI & KORSINSKY, LLP

## THE FIRM

Levi & Korsinsky, LLP is a national law firm that primarily concentrates in the areas of securities, antitrust, consumer and other class actions. Our firm is also active in patent enforcement litigation. We represent both plaintiffs and defendants and are currently involved in dozens of class action lawsuits and patent enforcement litigations in both state and federal courts across the country.

One of the members of our firm has been involved in nearly one hundred class action litigations and has obtained multi-million dollar recoveries in class action lawsuits. We have also achieved significant recoveries on behalf of clients in numerous patent enforcement cases. Our firm's office is in New York and is comprised of four attorneys.

## OUR EXPERIENCE

Set forth on the following pages is information relating to the qualifications of the firm. Section I identifies some of the class action lawsuits filed by our firm, Section II describes the experience of the members of our firm, and Section III describes our firm's experience in patent enforcement litigation.

### I.  CLASS ACTIONS

1. *Pfeiffer v. Activision, Inc.* CV-06-04771-JFW, US Central District, Western Division, California

2. *In re Corinthian Colleges, Inc., Shareholder Derivative Litigation,* SACV-06-0777-AHS, US Central District, Southern Division, California

3. *Whiteman v. Armor Holdings,* 16-2007-CA-003947-XXXX-MA Duval County, Florida

4. *Solomon v. Donald R. Katz,* Docket C-60-08 Essex County, New Jersey

5. *In Re Alliance Data,* Cause No. 07-4689 Dallas County, Texas

6. *Call4U, LTD v. Charles A. Carroll, et al.,* Cause No. 2007-66888 Harris County, Texas

7. *Pfeiffer v. Bradley Pharmaceuticals, Inc.,* L-4370-07 Essex County, New Jersey

8. *Weiss Phillips v. Home Depot, Inc.,* No. 07-CV-1066 U.S. District Court, Northern District Georgia

9. *In Re Topps Corp. Shareholder Litigation*, No. 07-600715 New York County, New York

10. *In Re Strategic Distribution Inc. Shareholders Litigation*, C.A. No. 2575-N Court of Chancery of the State of Delaware, County of New Castle

11. *Whiteman v. Texas Pacific Group, et al.*, No. 07- 01847 Dist Ct. Dallas, Texas

12. *Wetzel v. ELKCorp.*, No. CC-06-18562-B, County Court Dallas, Texas

13. *Golombuski v. EGL Inc.*, No.2007-00139 Dist. Ct. Harris, Texas

14. *In Re Aeroflex, Inc. Shareholder Litigation*, 07-003943 Nassau County, New York

15. *In Re Swift Transportation Company Shareholders Litigation*, A519346 Clark Coutny, Nevada

16. *In re: Net2Phone, Inc. Shareholders Litigation*, Case No. 1467-N, Delaware Chancery Court

17. *In re Cablevision Systems Corp. Shareholder Derivative Litig.*, 06-CV-4130, U.S. District Court, Eastern District of New York

18. *Gottlieb v. Jobs, et al.*, Case No. 06 Civ. 05418 (RMW), U.S. District Court, Northern District California

19. *Pfeiffer v. Kotick, et al.*, Case No. 06 Civ. 04771 (JFW), U.S. District Court, Central District California

20. *Mintz et al. v. Baron et al.*, Case No. 05 Civ. 04904 (LTS), U.S. District Court, Southern District of New York

21. *Bustos et al. v. Vonage America, Inc.*, Case No. 06 Civ. 2308 (HAA), U.S. District Court, New Jersey

22. *Troost v. Bennet Environmental, et. al.*, 04 CV 06632, U.S. District Court, Southern District of New York.

23. *Gainnoit v. Pacific Bell Wireless, et. al.*, Case No. 04CC00563, Superior Court of the State of California, County of Orange.

24. *Pfeiffer v. Moore, et al.*, 06 CV 00777 (JVS), U.S. District Court, Central District California. Lead Counsel.

25. *McCarney v. Acceleron Corp., et. al.*, Case No. RG 04-145685, Superior Court of California, County of Alameda.

26. *Pfeiffer v. Bjurman, Barry & Associates, et. al.*, 03 CV 9741, U.S. District Court, Southern District of New York.

27. *Zucker v. Aim Advisors, Inc., et al.*, H-03-5653, U.S. District Court, Southern District of Texas.

28. *Lieber v. Invesco Funds Group, Inc. et al.*, H-03-5744, U.S. District Court, Southern District of Texas.

29. *Pfeiffer v. Golden State Vintners, Inc., et al.*, CA 305-N, Court of Chancery of the State of Delaware County of New Castle.

30. *Chiarenza v. Dover Investments Corp., et al.*, CA 203-N, Court of Chancery of the State of Delaware County of New Castle.

31. *Nekritz v. Canary Capital Partners, et al.*, U.S. District Court for the District of New Jersey.

32. *In re Biovail Corp. Securities Litigation*, Master File No. 03-CV-8917, U.S. District Court, Southern District of New York.

33. *Mintz v. Putnam American Government Income Fund, et al.*, 03-CV-9149, U.S. District Court, Southern District of New York.

34. *Weiser v. PBHG Growth Fund, et al.*, U.S. District Court for the Eastern District of Pennsylvania.

35. *Mintz v. Morgan Stanley 21st Century Trend Fund, et al.*, 03-CV-9150, U.S. District Court, Southern District of New York.

36. *Pfeiffer v. Nortel Networks Corp., et al.*, 04-CV-02233, U.S. District Court, Southern District of New York.

37. *Korsinsky v. Royal Dutch Petroleum Company, et al.*, U.S. District Court for the District of New Jersey.

38. *Unger v. JetBlue Airways Corp., et al.*, U.S. District Court, Southern District of Florida, Miami Division.

39. *Pfeiffer v. Whitehall Jewelers, Inc., et al.*, 04C-1285, U.S. District Court, Northern District of Illinois.

40. *Trebitsch v. Sonus Networks, et al.*, 04-CV-10307, U.S. District Court for the District of Massachusetts.

41. *Pfeiffer v. Friedman's, Inc., et al.*, 1:03-cv-3564, U.S. District Court, Northern District of Georgia.

42. *Peltz v. El Paso Corp., et al.*, H-04-0701, U.S. District Court, Southern District of Texas. Lead Counsel.

43. *Trebitsch v. Wave Systems Corp., et al.*, 04-266, U.S. District Court for the District of New Jersey.

44. *Pfeiffer v. Sperling, et al.*, 06 CV 2701, U.S. District Court for the District of Arizona.

45. *Coneff, et al., v. New Cingular Wireless Services, et al.*, 06-0944, U.S. District Court, Western of Washington.

## II.   THE ATTORNEYS

**Eduard Korsinsky**, Member. Admitted to bar, 1996, New York; New Jersey (1996); United States District Court, Southern District of New York (1998); United States District Court, Eastern District of New York (1998). *Education*: Brooklyn College, B.S., *Summa cum laude*; Brooklyn Law School, J.D.; New York University School of Law, LL.M, Master of Law(s) Taxation. Mr. Korsinsky, through association with prior firms, has been representing clients in class action lawsuits since 1997. Cases which Mr. Korsinsky has litigated and/or in which his prior firm(s) served as lead counsel or co-lead counsel include: *In re NCS Healthcare, Inc. Securities Litigation*, CA 19786, Court of Chancery of the State of Delaware, County of New Castle (case settled for approximately $100 million); *Paraschos, et al. v. YBM Magnex International, Inc.*, et al., No. 98-CV-6444, U.S. District Court, Eastern District of Pennsylvania (United States and Canadian cases settled for $85 million Canadian); *In re Quintiles Transnational Corp., et. al.*, 02 CVS 5348, State of North Carolina, County of Durham; *Key Equity Investors, Inc., et. al. v. Lexent Inc., et al.*, CA 20177, Court of Chancery of the State of Delaware County of New Castle; *In re Livent, Inc. Securities Litigation*, 98-CIV-5686 (RWS), U.S. District Court, Southern District of New York.; *In re Shopping.com, Inc. Securities Litigation*, No. C-98-3255-ER (BQRx), U.S. District Court, Central District of California. ($4.5 million settlement); *In re Advanced Health Corporation Securities Litigation*, 98-CV-4647 (BDP), U.S. District Court, Southern District of New York (settlement of $2,954,790 plus attorneys' expenses*); In re Schein Pharmaceutical, Inc. Securities Litigation*, Master Docket No. 98-4311 (JCL), U.S. District Court, District of New Jersey ($8

million settlement*)*; *In re CyberCare Inc. Securities Litigation*, Case No.: 00-8404-CIV-RYSKAMP/VITUNAC, U.S. District Court, Southern District of Florida (settled for $3.1 million in cash plus 4,000,000 shares in CyberCare stock); *In re ThermoRetec Securities Litigation*, No. 17601-NC, Court of Chancery of the State of Delaware, New Castle County (settled for $750,000 plus expenses); *Adler, et. al. v. Ribozyme, et. al.*, No. 99-B-2235, U.S. District Court, District of Colorado (settled for $3 million); *Lacoff v. Buena Vista Publ., Inc.*, No. 606005/98, Supreme Court of the State of New York, New York County, 2000 N.Y. Misc. LEXIS 25, January 28, 2000 (co-lead counsel with former New York State Attorney General G. Oliver Koppel)(settled for non-cash consideration valued at several million dollars); *Pavel v. E-Stamp Corp.*, CV 798624, Superior Court of the State of California, County of Santa Clara (settled for non-cash consideration valued at approximately $2.2 million); *Chiarenza v. Curtis International Ltd.*, 01 Civ. 5381 (MGC), U.S. District Court, Southern District of New York (settled for approximately $615,000).

**Joseph E. Levi**, Member. Admitted to bar, 1996, New York; New Jersey (1996); United States Patent and Trademark Office (1997), United States District Court, Southern District of New York (1997); United States District Court, Eastern District of New York (1997). *Education*: Polytechnic University, B.S. (1984), *Summa cum laude*, MS (1986); Brooklyn Law School, J.D. (1995), *Magna cum laude*. In addition to his class action practice, Mr. Levi has successfully represented numerous patent holders in enforcing their patent rights in areas including computer hardware, software, communications and information processing and has been instrumental in obtaining substantial awards and settlements.

**Juan E. Monteverde,** Associate. Admitted to bar, 2007, New York; United States District Court, Southern District of New York (2008). *Education*: California State University of Northridge, B.S. Finance (2002); University of St. Thomas School of Law, J.D. (2006), *Cum Laude*, member of Law Review and President of Plead the Fifth, Official St. Thomas Law School Newspaper. Prior to joining Levi & Korsinsky, Mr. Monteverde was a civil litigator with a major insurance defense firm in New York City where he gained extensive litigation experience. He is bilingual in English and Spanish, and a member of the US-Spain chamber of commerce.

**Michael Korsinsky**, of Counsel. He has been practicing law since 2000. Mr. Korsinsky has experience in commercial contract disputes, real estate, collection, tort, entertainment, foreclosure /tax lien and landlord-tenant disputes. Mr. Korsinsky graduated summa cum laude in 1996 from Brooklyn College of the City University of New York earning a Bachelor of Science degree. In 2000, he earned his law degree, graduating magna cum laude, from Brooklyn Law School. He is admitted in the state courts of New York and New Jersey, the Federal courts in the Eastern District of New York, Southern District of New York and the District of New Jersey as well as the Second Circuit Court of Appeals.

### III.      PATENT ENFORCEMENT LITIGATION

Our firm has successfully enforced and licensed patent portfolios in a variety of technologies such as data compression (U.S. Patent Nos. 4,472,747 and 4,636,876), information processing (U.S. Patent Nos. 5,258,855, 5,369,508, 5,625,465, 5,768,416 & 6,094,505), document imaging (U.S. Patent No. 5,191,525), communication devices (U.S. Patent Nos. 4,543,450, 4,603,320, 4,686,506 and 4,972,470), telephony (U.S. 4,475,009) and virus detection (U.S. Patent No. 4,975,950 and 5,121,345). Listed below are patent enforcement cases that are either pending or that the firm has successfully concluded.

1. *Visual Interactive Phone Concepts, Inc. v. Virgin Mobile USA,* Case No. 05 Civ. 02661 (MLC), U.S. District Court, New Jersey

2. *Digital Development Corp v. International Business Machines,* 03 CV 2905 (JGK), U.S. District Court, Southern District of New York.

3. *Digital Development Corp v. ASUS Computer International,* 04 CV 2158 (DLC), U.S. District Court, Southern District of New York.

4. *Audio Compression Inc. v. Sony Corporation,* 03-803 (WGB), U.S. District Court for the District of New Jersey.

5. *Audio Compression Inc. v. TDK Corporation,* 02 CV 2920 (ARL), U.S. District Court, Eastern District of New York.

6. *Forward Technologies LLC v. SBC Corp.,* C 03 1254 (MMC), U.S. District Court, Northern District of California.

7. *Acticon Technologies LLC v. TDK Corporation,* U.S. District Court, Eastern District of New York.

8. *Acticon Technologies v. Psion PLC,* 02 CV 2471 (MGC), U.S. District Court, Southern District of New York.

9. *Millennium LP v. Kofax Image Products,* CV 02 3049 (JS), U.S. District Court, Eastern District of New York.

10. *Millennium LP v. AnyDoc Software Inc.,* 03 CV 3899 (GBD), U.S. District Court, Southern District of New York.

11. *Millennium LP v. Dakota Imaging Inc.*, MJG-04-7073, U.S. District Court for the District of Maryland.

12. *Millennium LP v. Datacap Inc.*, 03 CV 1840 (JES), U.S. District Court, Southern District of New York.

13. *Millennium LP v. Fairfax Imaging*, 2:02 CV 5141 (JCL), U.S. District Court for the District of New Jersey.

14. *Millennium LP Filenet Corp.*, 03 CV 7311 (NRB), U.S. District Court, Southern District of New York.

15. *Millennium LP v. Readsoft Inc.*, 02 CV 0152 (JFS), U.S. District Court, Southern District of California.

16. *Millennium LP v. Recognition Research Inc.*, 03 CV 1839 (SHS), U.S. District Court, Southern District of New York.

17. *Millennium LP v. Top Image Systems LTD.*, 02 CV 10102 (LTS), U.S. District Court, Southern District of New York.

**LEVI & KORSINSKY, LLP**

**39 Broadway, Suite 1601**
**New York, New York 10006**
**Tel. (212) 363-7500**
**Fax. (212) 363-7171**