**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GARY MILLER, On Behalf Of Himself and All Others Similarly Situated, | ) ) ) | Case No. 08-cv-3012 (AKH) |
| Plaintiff, | ) ) ) ) | |
| - against - | ) ) ) | |
| MORGAN STANLEY & CO. INC., | ) ) ) | |
| Defendant. | ) ) | |
| SHARON SHAWN JAMAIL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | Case No. 08-cv-3178 (AKH) |
| Plaintiff, | ) ) ) | |
| - against - | ) ) ) | |
| MORGAN STANLEY and MORGAN STANLEY & CO., INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**RESPONSE IN SUPPORT OF THE MOTION OF THE SMITH GROUP
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
SELECTION OF COUNSEL**

**INTRODUCTION**

This class action alleges that Morgan Stanley violated the Securities Exchange Act of 1934 by deceptively marketing auction rate securities to investors as risk-free, cash-equivalent alternatives to money market funds, when they were in fact complex, long-term financial instruments.  These securities became illiquid on February 13, 2008, when all major broker-dealers, including Morgan Stanley, abruptly withdrew their "support" of the auction rate securities market.

Before this Court are two motions by Class members seeking consolidation and/or their appointment as Lead Plaintiff and approval of their selection of counsel.  In their motion for appointment, Class members Donald Smith and Sam Solovey (collectively, the "Smith Group") have demonstrated a financial interest of $2,500,000 in this litigation.  In their competing motion, Class members Gary Miller, Brian Frank, Gil Halasz, Harold Weinberg, Michael Pepe, Sr., and James Dougherty (collectively, the "Miller Group") have submitted certifications showing an aggregate interest of no more than $1,950,000.  Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Smith Group has the largest financial interest and is presumed to be the "most adequate plaintiff" to represent the Class.

Based on this statutory presumption, and because the Smith Group satisfies the PSLRA's typicality and adequacy requirements, the Smith Group should be appointed Lead Plaintiff and its selection of counsel should be approved.

**FACTUAL BACKGROUND**

As alleged in the *Jamail* Complaint filed in this action, Morgan Stanley deceptively marketed auction rate securities to members of the Class.  Auction rate securities are municipal bonds, corporate bonds or preferred stocks with interest rates of dividend yields that are periodically reset though auctions, typically every 7, 14, 28 or 35 days.  The Complaint alleges that Morgan Stanley marketed auction rate securities as cash alternatives to money market funds when they are, in fact, complicated financial products based on instruments having maturities of 30 years or more.  According to the Complaint, the auction rate securities appeared to be liquid

1

and stable only because Morgan Stanley and other broker-dealers were artificially supporting and manipulating the auction market.  On February 13, 2008, all major broker-dealers including Morgan Stanley withdrew their "support" of the auction market, causing the market to collapse. As a result, Class members who had believed they were holding liquid investments became saddled with long-term securities that they are unable to sell.

State and federal regulators are now conducting several probes into the collapse of the market.  In April 2008, Morgan Stanley received a subpoena from the New York Attorney General as part of an investigation into the disclosures made to investors about the safety and liquidity of auction rate securities.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

As described in the Smith Group's moving papers, the *Miller* and *Jamail* actions should be consolidated for all purposes.  The cases assert the same Exchange Act claims against a common defendant (Morgan Stanley & Co., Inc.), arise out of the same conduct, and present common questions of law and fact.  Accordingly, the Court should consolidate the *Miller* and *Jamail* actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**II.    THE SMITH GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The Smith Group is comprised of two individuals who collectively hold $2,500,000 in auction rate securities they purchased from Morgan Stanley during the Class Period.[1]  The Smith Group respectfully submits that it should be appointed Lead Plaintiff because it has demonstrated the largest financial interest in this litigation and otherwise meet the requirements of the PSLRA and Federal Rule of Civil Procedure 23.

---

[1] As alleged in the *Jamail* Complaint, the Class consists of all persons and entities that purchased auction rate securities from Morgan Stanley between March 31, 2003 and February 13, 2008, inclusive, and continued to hold such auction rate securities as of February 13, 2008, the date that the auction market collapsed.  *See* Complaint, ¶ 12.

2

A.      **The Procedure Required By the PSLRA**

Under the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "A party is entitled to the statutory presumption of being the most adequate plaintiff if it can show that it:  (aa) filed an initial complaint or timely moved for appointment as lead plaintiff; (bb) has the largest financial interest in the relief sought by the class; and (cc) satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure." *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). The presumption that a party is the most adequate plaintiff may be rebutted only upon proof that the party "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

B.      **The Smith Group Is Entitled To The Statutory Presumption Of Being The Most Adequate Plaintiff**

1.      **The Smith Group Has Complied With the PSLRA**

As described in the Smith Group's initial brief, the notice of the filing of the initial action was published on March 27, 2008. The Smith Group's motion for appointment was filed on May 27, 2008, and is thus timely made. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B); Fed. R. Civ. P. 6(a).

2.      **The Smith Group Has The Largest Financial Interest In The Relief Sought By The Class**

Pursuant to the PSLRA, identification of the most adequate plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Among the prospective Lead Plaintiffs, the Smith Group has the largest financial interest in the relief sought by the Class.  As described in its initial moving papers, the Smith Group's cumulative financial interest is $2,500,000 — the combined par value of illiquid auction rate securities its members purchased from Morgan Stanley during the Class Period that were not redeemed after the Class Period.[2]  *See* Declaration of Jonathan K. Levine In Support of the Motion of for Appointment of the Smith Group as Lead Plaintiff and Approval of Selection of Counsel ("Levine Dec."), Exs. B, C.

In contrast, the Miller Group's memorandum of law states that "the Miller Group purchased $2,250,000 of illiquid ARS during the Class Period."  *See* Memorandum of Law in Support of the Miller Group's Motion for (1) Appointment as Lead Plaintiff and (2) Approval of Their Selection of Lead Counsel, p.5.  The Miller Group's certifications attached as Exhibit B to the Declaration of Joseph E. Levi identify only $1,950,000 in auction rate securities purchased during the Class Period, however.  Moreover, it appears that members of the Miller Group may no longer own $200,000 of those securities.  *See* Pepe Certification (noting "N.Y State Dorm Authority Rev Ser B1" as "Called"); Dougherty Certification (identifying apparent sales dates for "Citizens' PPTY '21" and "Citizens. PPTY" as 3/19/08 and 3/14/08, respectively, when compared to "Still own" for "Mass EDS's").  In any event, the Smith Group has at least several hundred thousand dollars more at stake in this litigation than the Miller Group, if not more.

Both the Smith Group and the Miller Group have aggregated their financial interests in this litigation.  As discussed in the Smith Group's moving papers, aggregation is proper.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (providing that a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of

---

[2] The Smith Group purchased $4,170,000 of auction rate securities during the Class Period.  Its members sold $1,200,000 of those securities during the Class Period.  $900,000 more of those securities were subsequently redeemed by their issuers.  In calculating their financial interest in this litigation, the Smith Group has excluded the value of their auction rate securities that were sold or redeemed.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) (discussing calculation of financial interest for purposes of PSLRA).

adequately representing the interests of class members . . . ."); 15 U.S.C. § 78u-4(a)(3)(B)(iii) (a "person or group of persons" may be an adequate lead plaintiff); *Reimer v. Ambac Fin. Group, Inc.*, 2008 U.S. Dist. LEXIS 38729, *7-8 (S.D.N.Y. May 9, 2008); *Weltz v. Lee,* 199 F.R.D. 129, 132 (S.D.N.Y. 2001). Notably, as all movants here are individual investors, aggregation would not displace any institutional candidate for Lead Plaintiff. *See In re Centerline Holding Co. Sec. Litig.*, 2008 U.S. Dist. LEXIS 36406, *8 (S.D.N.Y. May 5, 2008).

Even if aggregation is not permitted in this case, however, the individual financial interest of movant Donald Smith alone exceeds that of the Miller Group and each of its individual members. As explained in the Smith Group's prior filings, Mr. Smith's individual financial interest amounts to $2,000,000. *See* Levine Decs., Ex. B, G. In contrast, the Miller Group's largest holder, Mr. Weinberg, purports to have an individual financial interest amounting only to $1,150,000, and the Miller Group's collective financial interest is no more than $1,950,000. *See* Declaration of Joseph E. Levi, Ex. B.

### 3.    The Smith Group Otherwise Satisfies Rule 23

For the purposes of a lead plaintiff motion, only the typicality and adequacy prongs of Rule 23 are relevant. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008) ("[T]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." (quotations omitted)); *Albert Fadem Trust v. Citigroup, Inc.,* 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). The Smith Group satisfies the typicality and adequacy requirements of Rule 23.

As discussed in its previously filed brief, the Smith Group is typical in that its claims and the claims of all other Class members arise out of their purchases of auction rate securities from Morgan Stanley during the Class Period as a result of Morgan Stanley's materially false and misleading statements and omissions about the liquidity and risk characteristics of those securities and the auction market. The Smith Group is adequate to represent the Class because

its interests are aligned with those of other Class members, and there is no evidence of any

antagonism between their interests.  In addition, the Smith Group has selected competent and

experienced counsel to prosecute the claims in this case and to serve the interests of the Class.

Accordingly, the Smith Group is the presumptive "most adequate plaintiff" under the PSLRA,

and the Miller Group has not submitted proof to rebut that presumption.  *See* 15 U.S.C. § 78u-

4(a)(3)(B)(iii).

**III.    THE SMITH GROUP'S CHOICE OF COUNSEL SHOULD BE APPROVED**

The Smith Group has selected three law firms to represent the Class in this matter,

subject to Court approval:  Girard Gibbs LLP as Lead Counsel, Stueve Siegel Hanson LLP as

Co-Lead Counsel, and Seeger Weiss LLP as Liaison Counsel.  As shown in the firm resumes

filed with the Smith Group's initial moving papers, all three firms have extensive experience in

complex class actions and securities litigation on behalf of investors.  These firms filed one of

the auction rate securities cases against Morgan Stanley (the *Jamail* action), and they have been

instrumental in investigating this matter since the collapse of the auction rate securities market

on February 13, 2008.  Accordingly, the Smith Group's selection of counsel should be approved.

///

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

For the foregoing reasons and those stated in its moving papers, the Smith Group respectfully requests that this Court:  (1) consolidate the *Miller* and *Jamail* actions for all purposes; (2) appoint the Smith Group Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and (3) approve its selection of counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

DATED: June 13, 2008                                     Respectfully submitted,

                                                                     **GIRARD GIBBS LLP**

                                                                     By:    *Jonathan K. Levine*
                                                                                 Jonathan K. Levine (JL-8390)

                                                                     Daniel C. Girard
                                                                     Aaron M. Sheanin
                                                                     601 California Street, 14th Floor
                                                                     San Francisco, CA  94108
                                                                     Telephone:  (415) 981-4800
                                                                     Facsimile:  (415) 981-4846

                                                                     **Proposed Lead Counsel**

                                                                     Norman E. Siegel
                                                                     **STUEVE SIEGEL HANSON LLP**
                                                                     460 Nichols Road, Suite 200
                                                                     Kansas City, MO, 64112
                                                                     Telephone: (816) 714-7100
                                                                     Facsimile: (816) 714-7101

                                                                     **Proposed Co-Lead Counsel**

                                                                     Christopher A. Seeger (CS-4880)
                                                                     Stephen A. Weiss (SW-3520)
                                                                     David R. Buchanan (DB-6368)
                                                                     **SEEGER WEISS LLP**
                                                                     One William Street, 10th Floor
                                                                     New York, NY  10004
                                                                     Telephone:  (212) 584-0700
                                                                     Facsimile:  (212) 584-0799

                                                                     **Proposed Liaison Counsel**

**CERTIFICATE OF SERVICE**

I, Jonathan K. Levine, hereby certify that on June 13, 2008, I caused the following

document(s) to be filed electronically with the United States District Court for the Southern

District of New York through the Court's mandated ECF service:

1.    **RESPONSE IN SUPPORT OF THE MOTION OF THE SMITH GROUP
      FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
      SELECTION OF COUNSEL**

Counsel of record are required by the Court to be registered e-filers, and as such are

automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June, 2008 at San Francisco, California.


_____/S/ Jonathan K. Levine_____

1