UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary *Miller*, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     -against-<br><br>Morgan Stanley & Co. Incorporated,<br><br>         Defendant. | 08 CV 3012 (AKH) |
| Sharon Shawn *Jamail*, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     -against-<br><br>Morgan Stanley and Morgan Stanley & Co. Incorporated,<br><br>         Defendants. | 08 CV 3178 (AKH) |
| James R. *Bartholomew*, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     -against-<br><br>Morgan Stanley and Morgan Stanley & Co. Incorporated,<br><br>         Defendants. | 08 CV 4910 (AKH) |

## <u>DECLARATION OF GREGORY A. MARKEL</u>

GREGORY A. MARKEL, being over 21 years of age, and under penalty of perjury, declares as follows:

1.      I am a member of the law firm of Cadwalader, Wickersham & Taft LLP, counsel for Defendants Morgan Stanley and Morgan Stanley & Co. Incorporated in the above captioned matters.  I submit this declaration in support of Defendants' Motion for Consolidation of the above captioned matters, dated July 2, 2008.  I make this declaration on the basis of personal information.

2.      Attached hereto as Exhibit A is a true and correct copy of the Order of District Judge Laura Taylor Swain Consolidating Cases, Appointing Lead Plaintiff and Approving Selection of Lead Plaintiff's Counsel dated June 25, 2008 in the matter of *In re Citigroup Auction Rate Sec. Litig.*, Master File No. 08 CV 3095.

3.      Attached hereto as Exhibit B is a true and correct copy of excerpts of the Transcript of the Hearing Concerning the Appointment of Lead Plaintiff, Applications for Appointment of Lead Plaintiffs' Counsel and for Consolidation held before District Judge Laura Taylor Swain on June 24, 2008 in the matters of *LHB Insurance Brokerage Inc. v. Citigroup Inc. et. al.*, 08 CV 3095; *Swanson v. Citigroup, Inc. et. al.*, 08 CV 3139; *Stockhamer v. Citigroup, Inc. et. al.*, 08 CV 3904; *Wedgewood Tacoma LLC v. Citigroup, Inc. et. al.*, 08 CV 4360; and *Ghalayini v. Citigroup Inc. et. al.*, 08 CV 5016.

Dated:      July 2, 2008

    /s/ Gregory A. Markel
    Gregory A. Markel, Esq.

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

LHB INSURANCE BROKERAGE INC., individually
and on behalf of all others similarly situated,

                Plaintiffs,

   -v-                                   No. 08 Civ. 3095(LTS) (FM)

CITIGROUP INC. and CITIGROUP
GLOBAL MARKETS, INC.,

                Defendants.
-----------------------------------------------------------x

LISA SWANSON, individually and on behalf
of all others similarly situated,

                Plaintiffs,

   -v-                                   No. 08 Civ. 3139 (LTS) (AJP)

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC. and CITI SMITH BARNEY,

                Defendants.
-----------------------------------------------------------x

SAMUEL A. STOCKHAMER and ALICE L.
STOCKHAMER, on behalf of themselves and
on all others similarly situated,

                Plaintiffs,

   -v-                                   No. 08 Civ. 3904 (LTS) (KNF)

CITIGROUP INC., and CITIGROUP GLOBAL
CAPITAL MARKETS, INC.,

                Defendants.
-----------------------------------------------------------x

WEDGEWOOD TACOMA LLC, individually and
on behalf of all others similarly situated,

                 Plaintiffs,

    -v-                           No. 08 Civ. 4360 (LTS) (FM)

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC. and CITI SMITH BARNEY,

                 Defendants.
-----------------------------------------------------------x

SAED GHALAYINI, individually and
on behalf of all others similarly situated,

                 Plaintiffs,

    -v-                           No. 08 Civ. 5016

CITIGROUP INC., CITIGROUP GLOBAL
MARKETS, INC. and CITI SMITH BARNEY,

                 Defendants.
-----------------------------------------------------------x
LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD PLAINTIFF'S COUNSEL

        Before the Court are related securities fraud class actions alleging that some or all

of Defendants Citigroup Inc., Citigroup Global Markets, Inc. and Citi Smith Barney (collectively,

"Defendants"), failed to disclose material facts while marketing auction rate securities ("ARS")

and that, once Defendants ceased their artificial support for the ARS auction market, the market

collapsed and Plaintiffs were left with illiquid ARS.  Plaintiff Wedgewood Tacoma, LLC,

together with movant Jemstone, LLC (collectively referred to as "Wedgewood"),  moved the

Court to consolidate the above-captioned putative class actions and for an order appointing them

lead plaintiffs and their counsel lead counsel. Movants David Dignam and Ted Link

(collectively "the Dignam Group") also moved the Court to consolidate the above-captioned

putative class actions and appoint the Dignam Group lead plaintiff and its counsel lead counsel.

Movant Dr. Michael A. Passidomo ("Dr. Passidomo") moved the Court to consolidate the above-

captioned putative class actions and for an order appointing him lead plaintiff and his counsel

lead counsel. Plaintiff LHB Insurance Group ("LHB"), moved the Court for an order appointing

it lead plaintiff. The Court construed each motion to relate to the above-captioned actions and

any class actions relating to the same subject matter as the above-captioned actions hereafter filed

in or transferred to this Court.

On June 11, 2008, the Court issued an order setting a briefing schedule and

scheduling a hearing on the applications for June 24, 2008. The Court received a memorandum

of law in opposition to the consolidation of the Stockhamer action, 08 Civ. 3904, from the

plaintiffs in that action ("Stockhamer Plaintiffs"), and a response to the Stockhamer Plaintiffs'

opposition from the Defendants. The Court received a memorandum of law and a reply

memorandum in further support of Dr. Passidomo's motion and in opposition to competing lead

plaintiff designation motions. The Court also received a memorandum of law and a reply

memorandum in further support of Wedgewood's motion and in opposition to competing motion.

In these latest papers, Wedgewood augmented its application with a request that its counsel be

designated interim class counsel with respect to non-PSLRA claims in the event the cases were

consolidated and Wedgewood selected as lead plaintiff. The Dignam Group filed a statement of

no opposition to Dr. Passidomo's motion and subsequently filed a supplement, indicating that it

took no position on the challenges to Dr. Passidomo's or Wedgewood's adequacy as a lead

plaintiff, but indicated that it was still willing to serve as lead plaintiff, if the Court desired. LHB filed no additional papers.

On June 24, 2008, the Court held a hearing on the motions. Counsel appeared on behalf of LHB, on behalf of the Dignam Group, on behalf of the Stockhamer Plaintiffs, on behalf of Wedgewood, on behalf of Dr. Passidomo and on behalf of the Defendants. The Court has considered thoroughly all submissions and argument related to these motions and the decision to be rendered reflects such consideration. For the following reasons, and for the reasons stated on the record of the hearing, the Court grants the motions to consolidate and Dr. Passidomo's motion for appointment as lead plaintiff and approves Dr. Passidomo's selection of Zwerling, Schachter & Zwerling LLP as lead counsel. The oral application of the Stockhamer Plaintiffs and their counsel to be appointed as lead or co-lead plaintiffs and counsel with respect to the non-PSLRA claims is denied.

## Motion to Consolidate

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). A determination on the issue of consolidation is left to the sound discretion of the Court. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990); Zicklin v. Breuer, 534 F. Supp. 745 (S.D.N.Y. 1982).

The Court finds that all of the above-captioned the actions present common factual and legal issues, involve overlapping defendants and will involve similar subject matter and similar issues related to class certification. The Court does not find persuasive the Stockhamer Plaintiffs' argument that they will be prejudiced by consolidation and finds, rather,

CONORDER.WPD          VERSION 6/25/08                                          4

that the other parties may be prejudiced by a failure to consolidate. Accordingly, the Court grants the motions for consolidation in the interests of judicial economy.

Motion for Appointment as Lead Plaintiff

The PSLRA provides in relevant part that "the court shall . . . appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making its determination on a motion for appointment of a lead plaintiff, the Court is also required to adopt the rebuttable presumption that the "most adequate plaintiff" is

> the person or group of persons that– (aa) has either filed the complaint or made a motion in response to [the initial class] notice . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported class "that the presumptively most adequate plaintiff–(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses which render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-4(a)(3)(B)(iii)(II).

The Court finds that Dr. Passidomo is the presumptively most adequate plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) based on his undisputed financial interest and his preliminary showing that he meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23; see also In re Oxford Health Plans, 182 F.R.D. 42,

49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant
to a determination of lead plaintiff under the PSLRA.").

The claims of Dr. Passidomo are typical of the class because his claims and
injuries arise from the same course of conduct as that from which claims of the other class
members arise. The adequacy of representation component of Rule 23 is also satisfied, as there
is no conflict of interest between Dr. Passidomo and members of the purported class, he has
obtained qualified and experienced counsel, and has a significant interest in the outcome of the
litigation so as to ensure vigorous prosecution of the case. Cf. Weltz v. Lee, 199 F.R.D. 129, 133
(S.D.N.Y. 2001). The Court's preliminary determination of typicality and adequacy, will not,
however, preclude any party from contesting class certification on such bases in the future.

The Court finds that the issues that Wedgewood raised in an attempt to rebut the
presumption that Dr. Passidomo is the presumptive most adequate plaintiff are insufficient to
raise any substantial issue as to Dr. Passidomo's adequacy or integrity, or as to whether he is
subject to unique defenses, so that the presumption remains unrebutted.

The Court hereby grants Dr. Passidomo's motion for appointment as lead
plaintiff, as to all causes of action asserted in the consolidated cases. The lead plaintiff
designation motions of LHB, the Dignam Group and Wedgewood are denied.

## Appointment of Lead Counsel

Subject to the Court's approval, the most adequate plaintiff shall select and retain
counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Dr. Passidomo seeks approval of
his selection of Zwerling, Schacter & Zwerling LLP as lead counsel. Upon review of the papers
submitted in support of Dr. Passidomo's motion and consideration of further representations

made on the record, the Court finds that Zwerling, Schacter & Zwerling LLP has had substantial experience and success in prosecuting securities class actions, rendering it capable of serving as lead counsel in this action. (Speirs Aff., Ex. D.)

The Court further finds that Dr. Passidomo's approximately $10,950,000 stake in this action provides the type of incentive for close supervision of counsel that the PSLRA contemplates. Accordingly, Dr. Passidomo's selection of Zwerling, Schacter & Zwerling LLP as lead counsel is approved.

## Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) provides that the Court may appoint interim class counsel prior to the certification of a class. With respect to the non-PSLRA claims, the Court finds, based on the papers submitted in support of Dr. Passidomo's motion and the further representations made during the hearing regarding the firm's willingness and ability to assume the interim class counsel position, that Zwerling, Schacter & Zwerling LLP has the necessary experience to render it a capable interim class counsel with respect to the consolidated, non-PSLRA claims. The Court further finds that appointment of co-counsel with regard to the non-PSLRA actions is unnecessary at this time, and might, in fact, be detrimental to effective prosecution of the proceedings.

It is, therefore, ORDERED that:

## A. LEAD PLAINTIFF AND LEAD COUNSEL

1. Dr. Michael A. Passidomo is appointed Lead Plaintiff.

2. Zwerling, Schachter & Zwerling LLP shall serve as Lead Counsel for all plaintiffs in the

Consolidated Actions. Zwerling, Schachter & Zwerling LLP shall also serve as interim class counsel with regard to the non-PSLRA claims in the Consolidated Actions.

Lead/Interim Counsel shall have the following responsibilities:

> a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of all plaintiffs or those plaintiffs filing the particular papers.
>
> b. Conduct all pretrial proceedings on behalf of plaintiffs.
>
> c. Brief and argue motions.
>
> d. Initiate and conduct discovery.
>
> e. Speak on behalf of plaintiffs at any pretrial conference.
>
> f. Employ and consult with experts.
>
> g. Conduct settlement negotiations with defense counsel on behalf of plaintiffs.
>
> h. Call meetings of plaintiffs' counsel.
>
> i. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court to the extent counsel have not registered on the ECF system for this case; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; and keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions, which shall be available to all plaintiffs' counsel at reasonable hours.

3. All other applications for appointment as lead (or co-lead) Plaintiff or counsel are denied.

## B. CONSOLIDATION

1. The motions for consolidation are granted and the above-captioned actions are hereby consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The consolidated cases do not include Finn v. Smith Barney, et al., 08 Civ. 2975. The consolidated securities cases shall be referred to collectively as In re Citigroup Auction Rate Securities Litigation, Master File No. 08 Civ. 3095 (LTS)(FM).

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## C. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1. A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them either for all purposes or for pretrial purposes (the "Consolidated Actions"). Entries in said Master Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2.    (a) When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically or manually file such pleading pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

   (b) When a pleading is electronically filed and the caption, pursuant to this Order,

shows that it is applicable to "All Actions," the parties shall electronically file such pleading in the Master File only. Docket entries shall not be made to each separate action.

(c) When a pleading is manually filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall submit to this Court the original pleading for the Master File. No copies shall be submitted for each separate action. Upon receiving the original pleading, the Clerk shall docket the pleading to the Master File only. Docket entries shall not be made to each separate action.

## D. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated Actions. The Master File shall be 08 Civ. 3095. The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated Actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section B of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the Consolidated Actions will receive a Notice of Electronic Filing.

## E. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be

consolidated with these actions in the same manner as the cases identified in Section A above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

(a)     Docket a copy of this Order in the file for newly filed or transferred actions.

(b)     Make an appropriate entry in the Master Docket.

2.  The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

## F. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1.  This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions against Citigroup Inc., and/or its subsidiaries. This Order shall apply to each such case which is subsequently filed in or transferred to this Court and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

2.  Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such

permission within which to answer, plead or otherwise move with respect to any such complaint.

## G. CAPTIONS

1. Every pleading filed in the Consolidated Action, and in any separate action included therein,

shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
IN RE CITIGROUP AUCTION     :
RATE SECURITIES LITIGATION  :
                            :                    MASTER FILE
                            :                    08 Civ. 83095 (LTS)(FM)
                            :
This Document Relates To:   :
                            :
                            :
                            :
_____ x

2. When a pleading is intended to be applicable to all actions to which this Order applies, the

words "All Actions" shall appear immediately after the words "This Document Relates To:" in

the caption. When a pleading is intended to apply to fewer than all of such actions, the docket

number for each individual action to which it is intended to apply and the name of the plaintiff in

said action shall appear immediately after the words "This Document Relates To:" in the caption.

## H. FILING AND DOCKETING

1. When a paper is filed and the caption shows that it is applicable to "All Actions," the parties

shall electronically or manually file such paper pursuant to this Court's Electronic Case Filing

Rules and Instructions.

2.      (a) When a paper is electronically filed and the caption shows that it is applicable to "All Actions," the parties shall electronically file such paper in the Master File only.  No docket entries shall be made to each separate action.

(b) When a paper is manually filed and the caption shows that it is applicable to "All Actions," the parties shall submit to this Court the original paper for the Master File. Copies shall not be submitted for each separate action.  Upon receiving the original paper, the Clerk shall docket the paper to the Master File only.  Docket entries shall not be made to each separate action.

3.      (a) When a paper is filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall electronically or manually file such paper pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

(b) When a paper is electronically filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall electronically file such paper in the Master File and electronically file such paper to each separate action to which it applies.

(c) When a paper is manually filed and the caption shows that it is applicable to fewer than "All Actions," the parties shall submit to this Court the original paper for the Master File and copies of such paper for each separate action to which it applies.  Upon receiving the papers, the Clerk shall docket the original paper to the Master File and docket copies of such paper to each separate action to which it applies.

## I. SCHEDULE

1. The Lead Plaintiff, shall file and serve a Consolidated Amended Complaint for the Consolidated Actions and any actions subsequently consolidated with them, within sixty (60) days of the date of this Order.

2. Pending filing and service of the Consolidated Amended Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them, or to any discovery requests previously served in any of the consolidated actions.

3. Defendants shall answer or otherwise respond to the Consolidated Amended Complaint within of sixty (60) days after service thereof.

4. If Defendants move to dismiss the Consolidated Amended Complaint, opposition papers shall be served and filed within forty-five (45) days after the filing and service of such motion, and any reply papers shall be served and filed within thirty (30) days after the filing and service of plaintiffs' opposition papers.

5. Further proceedings in these consolidated actions will be conducted in compliance with the provisions of the Initial Conference Order dated April 21, 2008, and issued in 08 Civ. 3139 (Swanson) dated April 21, 2008, and in accordance with applicable orders, federal and local court procedural rules and Individual Practices Rules of the undersigned, including Rule 2.B. thereof.

This Order resolves docket entries nos. 7, 10, 13 and 16 in case no. 08 Civ. 3095; docket

entry no. 9 in case no. 08 Civ. 3139; docket entry no. 5 in case no. 08 Civ. 3904; and docket

entry no. 5 in case no. 08 Civ. 4360.

SO ORDERED.

Dated: New York, New York
June 25, 2008

LAURA TAYLOR SWAIN
United States District Judge

86OALHBA.txt

                                                                1
      86OALHBAps
1     UNITED STATES DISTRICT COURT
1     SOUTHERN DISTRICT OF NEW YORK
2     ------------------------------------x
2
3     LHB INSURANCE BROKERAGE INC.
3     and DAVID DIGNAM,
4
4                       Plaintiffs,
5
5               v.                          08 CV 3095 (LTS)
6
6     CITIGROUP, INC.,
7     and CITIGROUP GLOBAL MARKETS, INC.,
7
8                       Defendants.
8
9     ------------------------------------x
9
10    LISA SWANSON, Plaintiff,
10              v.                          08 CV 3139 (LTS)
11    CITIGROUP INC., et al., Defendants,
11
12    ------------------------------------x
12
13    SAMUEL A. STOCKHAMER, Plaintiff,
13              v.                          08 CV 3904 (LTS)
14    CITIGROUP, INC., et al., Defendants,
14
15    ------------------------------------x
15
16    WEDGEWOOD TACOMA LLC, Plaintiff,
16              v.                          08 CV 4360 (LTS)
17    CITIGROUP INC., et al., Defendants,
17
18    ------------------------------------x
18
19    SAED GHALAYINI, Plaintiff,
19              v.                          08 CV 5016 (LTS)
20    CITIGROUP INC., et al., Defendants,
20
21    ------------------------------------x
21                                          New York, N.Y.
22                                          June 24, 2008
22                                          1:00 p.m.
23
23    Before:
24                       HON. LAURA TAYLOR SWAIN,
24                                          District Judge
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
                                                                2
      86OALHBAps
1                        APPEARANCES
2     LEVI & KORSINSKY, LLP
2          Attorneys for Plaintiff LHB Insurance Brokerage
3     BY:  JUAN E. MONTEVERDE
3
4     GIRARD GIBBS LLP
4          Attorneys for Dignam Group Plaintiffs
5     BY:  A.J. DE BARTOLOMEO
                         Page 1

86OALHBA.txt

```
 5
 6   SEEGER WEISS LLP
 6        Attorneys for Dignam Group Plaintiffs
 7   BY:  STEPHEN A. WEISS
 7
 8   SCHOENGOLD SPORN LAITMAN & LOMETTI
 8        Attorneys for Plaintiff Stockhamer
 9   BY:  SAMUEL P. SPORN
 9        FRANK SCHIRRIPA
10
10   ZWERLING, SCHACHTER & ZWERLING, LLP
11        Attorneys for Plaintiff Passidomo
11   BY:  JEFFREY C. ZWERLING
12        ROBIN F. ZWERLING
12        PAUL KLEIDMAN
13
13   MILBERG LLP
14        Attorneys for Wedgewood Movants
14   BY:  JEROME M. CONGRESS
15        KENT A. BRONSON
15
16   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
16        Attorneys for Defendants
17   BY:  CHARLES E. DAVIDOW
17        GABRIELLE TENZER
18
18
19
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3

86OALHBAps

```
 1             (In open court)
 2             THE COURT:  We are here this afternoon on motions for
 3   consolidation and for appointment of lead plaintiff and lead
 4   counsel in five cases relating to the, what I'll call the
 5   Citigroup ARS litigation, those being the LHB case, which is
 6   3095; the Swanson case, which is 3139; Stockhamer, 3904;
 7   Wedgewood, 4360; and Ghalayini, which is 5016.  That is my,
 8   sort of, census of the cases that I'm aware of that are in play
 9   at this point.  The Sinn case, which was not pled as a class
10   action, is sort of in a holding pattern at this point because
11   there is a motion to stay in that case that has not yet been
12   resolved.
13             So, counsel, would you be good enough to introduce
14   yourselves to me, starting with, I guess it's Mr. Monteverde.
15             MR. MONTEVERDE:  Yes, your Honor.  Juan Monteverde
16   from Levi & Korsinsky for LHB Insurance Group.
17             THE COURT:  Good afternoon, Mr. Monteverde.
18             MR. MONTEVERDE:  Good afternoon, your Honor.
19             MS. DE BARTOLOMEO:  Good afternoon, your Honor.  A. J.
20   De Bartolomeo from Girard Gibbs on behalf of the plaintiff,
21   Dignam Group.
22             THE COURT:  And Ms. De Bartolomeo, I believe that the
23   deputy understood you to be saying something about a change in
24   named plaintiff in the Swanson case?
25             MS. DE BARTOLOMEO:  We represent the plaintiffs in the
```

Page 2

86OALHBA.txt
```
 8  conflict.  And I think it is not unreal, and I say that --
 9          THE COURT:  Well, there could certainly be a
10  complication.  I think you're using "conflict" in a broad
11  sense.
12          MR. SPORN:  Yes, there could be a complication.  So
13  that again I come to the bottom line:  whatever your Honor
14  decides as to who should be lead plaintiff or lead counsel, we
15  should, I won't say have a seat at the table at least, but we
16  should have a co-, we should have a co -- there should be more
17  than one hat.  There should be co-hats.  And we would want to
18  be one of them.
19          THE COURT:  Thank you.
20          I thoroughly considered the papers and listened
21  carefully to what I've heard on the consolidation issue.  And I
22  will address that first.
23          Rule 42 of the Federal Rules of Civil Procedure
24  contemplates the consolidation of actions involving a common
25  question of law or fact.  The Court is granted broad discretion
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```
                                                               22
```
    86OALHBAps
 1  in its determination as to whether consolidation is
 2  appropriate.  See Johnson v. Celotex Corporation, 899 F.2d
 3  1281, 1284-85 (1990 2d Cir.).  There is certainly consensus
 4  that consolidation of all of the actions asserting
 5  PSLRA-covered causes of action should be consolidated, and the
 6  contested issue is whether the Stockhamer case, which pleads
 7  Investment Advisors Act and common law claims on the basis of
 8  the same underlying set of operative facts, should be
 9  consolidated with the other four, one of which also pleads an
10  Investment Advisors Act cause of action.
11          I find that consolidation of the Stockhamer action
12  with the others is clearly warranted.  All five actions are
13  brought on behalf of substantially the same putative class,
14  rely on substantially the same underlying facts, and assert
15  substantially the same claims as against substantially the same
16  defendants.  The parties will engage in substantially the same
17  discovery.  And notwithstanding that there has been some
18  advanced pleading and the service of the discovery request in
19  Stockhamer, it is fair to say that none of the actions has yet
20  progressed beyond the initial stages of litigation.
21          The Court finds that the Stockhamer plaintiffs will
22  not be prejudiced by consolidation, and that other parties
23  could in fact be prejudiced by failure to consolidate if, for
24  instance, the maintenance of separate actions led to premature
25  or piecemeal discovery or premature litigation of common
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```
                                                               23
```
    86OALHBAps
 1  factual issues.
 2          Accordingly, the motion to consolidate all five
 3  actions is granted.  We will deal with the lead plaintiff and
 4  lead counsel issues in the context of the applications for
 5  those designations.  And so Passidomo's counsel and Wedgewood
 6  Tacoma -- I say Passidomo and Wedgewood Tacoma/Gemstone are the
 7  remaining candidates for overall lead plaintiff.  I will give
 8  each firm -- again, try to stay within a three-minute time
 9  frame, to speak to anything you feel is not adequately covered
10  in your papers.  I do understand that the Stockhamer interests,
11  and specifically Mr. Sporn's firm, have a request that is still
12  before the Court for appointment to serve as either sub-lead
```
                             Page 11

86OALHBA.txt
```
13    counsel or co-lead counsel with respect to Investment Advisors
14    Act issues.  And so I would ask that the counsel for Passidomo
15    and Wedgewood Tacoma respond to that proposition as well as to
16    the extent there's anything more that you want to say about it.
17    I think that both Mr. Congress and Mr. Zwerling have spoken to
18    that, to some extent, already.
19            So, Mr. Congress, you're at the first table, so you go
20    first.
21            MR. CONGRESS:  Yes, your Honor.  I'll do my best to
22    keep it to three minutes.
23            Normally we would not be opposing Dr. Passidomo
24    because his financial interest is far greater than Wedgewood's,
25    although Wedgewood does have a substantial interest of
```
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

24

86OALHBAps
```
1     approximately $2,470,000 after some redemption.  However, in
2     our investigation, we came up with some information about Dr.
3     Passidomo's past that raised a concern in our minds.  And we
4     have brought that information to the attention of his counsel
5     in advance of the deadline for filing oppositions.
6             Actually, our concern with respect to Dr. Passidomo's
7     adequacy increased after we saw the opposition papers they
8     filed, and it continued to increase based on what's in the
9     reply papers from Dr. Passidomo, because, unfortunately, we
10    have serious questions about the candor with which those
11    filings with the Court have addressed what happened in his
12    past.
13            Your Honor, I was prepared to go through in detail
14    what we found in our search about his pattern of improper
15    behavior.  But in the three minutes, I think I shouldn't go
16    through all of that.
17            THE COURT:  Yes.  And let me say this.  I have read
18    the attachments to your papers, including the Kentucky
19    appellate decision.  And I have read of course the papers from
20    the Passidomo interests as well.  And I certainly get the
21    strong flavor from Wedgewood Tacoma's argumentation that, in
22    Wedgewood Tacoma's view, these issues should have been fronted
23    and not disclosed in response to the questions being raised.
24            Are you arguing, though, or representing now that
25    there have been misrepresentations as to the nature of the
```
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

25

86OALHBAps
```
1     underlying proceedings, the sanctions, or the surrender of
2     licenses insofar as disclosure of those matters has been made
3     in this litigation after the issue came into play?
4             MR. CONGRESS:  Yes, your Honor.  It's our view that
5     there has been a failure to make full disclosure on his part,
6     and certain of the statements seem to be either wrong or
7     disingenuous.  He filed an affidavit with his reply papers, and
8     that affidavit does not contest anything that was said about
9     his history of being disciplined.  However, when you look at
10    the reply papers themselves from the lawyers, some issues are
11    raised about whether our factual description is correct.  It
12    seems to us that putting those kind of contexts in the lawyer's
13    brief rather than in some evidentiary presentation, as seems to
14    us to be required by your Honor's individual rules, was wrong.
15            But beyond that, we think when you look at the record,
16    there are a number of instances where Dr. Passidomo has not
17    been candid or complete in what he has said about his past.  In
```
Page 12

86OALHBA.txt
19  determines to be the most capable of adequately representing
20  the interests of class members.  The court is instructed to
21  adopt a presumption that the most adequate plaintiff in a
22  private action is the person or group of persons that has made
23  a timely motion, has the largest financial interest in the
24  relief sought, and otherwise satisfies the requirements of Rule
25  23 of the Federal Rules of Civil Procedure, that is, that the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

                                                                39
    86OALHBAps
1   entity has made a preliminary showing that it meets the
2   typicality and adequacy requirements of Rule 23.  See Weltz v.
3   Lee, 199 F.R.D. 129 (S.D.N.Y. 2001).
4           There is no dispute here that Dr. Passidomo has the
5   largest financial interest in the litigation, and it appears
6   that even if the proposed redemptions and related transactions
7   that are identified in the moving papers occur, Dr. Passidomo
8   will still have a substantially larger financial interest than
9   any of the other movants.
10          The Court finds that he has satisfied the requirements
11  insofar as a preliminary showing as to typicality and adequacy
12  within the meaning of Rule 23.  And so he is the presumptively
13  most adequate plaintiff.
14          I find that this presumption has not been rebutted.
15  The statute provides that the presumption may be rebutted on
16  proof by a member of the putative class that the presumptively
17  most adequate plaintiff will not fairly and adequately protect
18  the interests of the class or is subject to unique defenses
19  which render that plaintiff incapable of adequately
20  representing the class.  And there has been an extensive
21  discussion of civil administrative charges and proceedings
22  involving what are medical decisions and medical treatment
23  methodologies implemented many years ago and which appear by
24  all accounts and by the terms of the documentation that has
25  been submitted to the Court to have been resolved years ago.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

                                                                40
    86OALHBAps
1           While there are clearly charges of misrepresentations
2   as to medical necessity and equally clearly disagreements and
3   vigorously litigated issues as to medical necessity with
4   respect to testing and the propriety of charges for the
5   testing, the Court finds that neither those events nor the
6   argumentation regarding the quality or timing of disclosure
7   with respect to the specifics of the sequelae of these events
8   is sufficiently related to Dr. Passidomo's duties as lead
9   plaintiff here or sufficient to raise questions as to more
10  broadly impugn his ability to serve in a responsible and honest
11  capacity as lead plaintiff so as to impugn his presumptive
12  ability to protect the interests of the class adequately.  Nor
13  on this record does this information indicate that his claims
14  in these actions will be subject to unique defenses.
15          Now, there may well be issues raised in connection
16  with, ultimately, class certification.  That's clearly a ways
17  down the road on the PSLRA side, and those issues can be
18  litigated when and as they come up.  But I do not find that the
19  presumption has been rebutted here.  Accordingly, the Court
20  will grant Dr. Passidomo's application to be appointed as lead
21  plaintiff.
22          Furthermore, I find no reason to doubt that Dr.
23  Passidomo, who has an objectively substantial and clearly very

                              Page 19

86OALHBA.txt
```
24    personally substantial financial interest in this litigation
25    would not pursue appropriately the claims here that are not
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```
                                                                  41
```
      86OALHBAps
 1    covered by the PSLRA.  And so I do not find that a co-lead
 2    plaintiff relationship or designation is necessary or
 3    appropriate here.
 4         With respect to lead counsel, the statute instructs
 5    that the most capable plaintiff shall, subject to the Court's
 6    approval, select and retain counsel to represent the class.
 7    Dr. Passidomo seeks approval of his selection of Zwerling
 8    Schachter & Zwerling, LLP, as lead counsel.  The Court has
 9    reviewed the papers submitted in support of the application and
10    has, again, listened carefully to everything that has been said
11    in the course of these proceedings.  The Court does find that
12    Zwerling Schachter & Zwerling has had substantial experience
13    and success in prosecuting securities class actions, and that
14    it is capable of serves as lead counsel in this action.  The
15    Court finds that Dr. Passidomo's substantial financial interest
16    provides the type of incentive for close supervision of counsel
17    that the PSLRA contemplates.  And accordingly, the appointment
18    pursuant to the PSLRA of Zwerling Schachter & Zwerling as lead
19    counsel is approved.
20         Which leaves one outstanding issue, at least as a
21    technical matter: the legal representation of the putative
22    class for purposes of the non-PSLRA Investment Advisors Act and
23    pendent state claims.  It is necessary to use an appropriate
24    procedural vehicle to make this appointment, since those claims
25    are outside of the scope of the PSLRA, and that procedural
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```
                                                                  42
```
      86OALHBAps
 1    vehicle is Rule 23(g), given that the Court has decided to
 2    consolidate the cases and there will be a need for preparation
 3    of a consolidated amended complaint covering all of the claims
 4    and it is likely that there would be motion practice directed
 5    to that complaint before class certification motion practice is
 6    initiated.  Rule 23(g)(3) authorizes the Court to designate
 7    interim counsel to act on behalf of the putative class before
 8    determining whether to certify the class.
 9         I find here that the lead counsel appointed in
10    connection with the PSLRA claims is competent and has clearly
11    expressed its willingness to pursue vigorously on behalf of the
12    class the non-PSLRA claims as well as the PSLRA claims, and
13    particularly given the skills of the appointed lead counsel,
14    the indications here that a co-counsel relationship might lead
15    to tactical squabbles and disagreements that would be
16    inefficient in terms of the swift and appropriate resolution of
17    this litigation as a whole, and the fact that the Court does
18    not perceive a need for monitoring of or separate protection of
19    the interests of the class in respect of those claims, the
20    application of the Schoengold Sporn Laitman & Lometti firm for
21    appointment as either lead or co-lead counsel in connection
22    with the Investment Advisors Act and common law claims is
23    denied, and the Zwerling firm is designated as interim counsel
24    to act on behalf of the class with respect to the non-PSLRA
25    claims as well as lead counsel in respect of the PSLRA claims.
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```
                                                                  43

                             Page 20

86OALHBA.txt

86OALHBAps
1          I will prepare and issue in short order documenting
2    these decisions and also laying out the procedures going
3    forward for captioning and filing papers.  The order
4    contemplates, I believe -- let me just check -- I think it's a
5    60-day period to the filing of the consolidated amended
6    complaint, yes, and then a 60-day response period for the
7    consolidated amended complaint.  And to the extent there is
8    motion practice directed to that complaint, 45 days for
9    opposition papers and 30 days for reply papers, which is
10   consistent with general practices in this court and I think
11   should be sufficient unless anyone tells me it's not.
12          So I do thank you all for bringing all of these issues
13   so clearly and carefully to my attention and for your briefing.
14   And unless there's anything else that we need to address
15   together, I think we'll adjourn.
16          Mr. Davidow.
17          MR. DAVIDOW:  Your Honor, I believe it's implicit in
18   your ruling but I would like to make clear on the record that
19   the defendants need not respond to the discovery request that
20   was sent out in the Stockhamer case, pending whatever action
21   the lead plaintiffs and their counsel may choose to take with
22   respect to discovery in the future.
23          THE COURT:  Yes.  Lead counsel certainly has to
24   consider the existence and the posture of those discovery
25   requests, but it will be lead counsel's responsibility to make
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
                                                                    44
86OALHBAps
1    a determination as to whether to press those in the context of
2    the litigation going forward as consolidated.
3          MR. ZWERLING:  Thank you.
4          THE COURT:  Thank you.  We are adjourned.
5                              oOo
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300