**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gary *Miller*, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Morgan Stanley & Co. Incorporated,  )<br>)<br>Defendants.  ) | Case No. 08 CV 3102 (AKH) |
| Sharon Shawn *Jamail*, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Morgan Stanley and Morgan Stanley & Co. Incorporated,  )<br>)<br>)<br>Defendants.  ) | Case No. 08 CV 3178 (AKH) |
| James R. *Bartholomew*, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Morgan Stanley and Morgan Stanley & Co. Incorporated,  )<br>)<br>)<br>Defendants.  ) | Case No. 08 CV 4910 (AKH) |

**JAMES R. BARTHOLOMEW'S RESPONSE TO THE MOTION OF MORGAN STANLEY AND MORGAN STANLEY & CO INCORPORATED FOR CONSOLIDATION**

1

## **INTRODUCTION**

Plaintiff James R. Bartholomew ("Bartholomew") hereby responds to the Motion of Morgan Stanley and Morgan Stanley & Co, Inc. (collectively, "Morgan Stanley" or "Defendants") for consolidation and appointment of a single lead plaintiff or plaintiff group to govern this litigation.

For the reasons set forth herein, such consolidation would be inappropriate. While there are certainly common questions of *fact* between the cases Morgan Stanley seeks to consolidate, there are important questions of *law* militating against consolidation. Specifically, Bartholomew's case is the only such action not subject to the procedural and substantive requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"), including that Act's mandatory discovery stay in advance of the adjudication of a Motion to Dismiss. As such, the most appropriate course would be a *limited* consolidation of the various above-captioned actions, with coordination, and with the appointment of Finkelstein Thompson LLP to serve as interim class counsel for the non-PSLRA claims. This is precisely the type of leadership structure recently appointed by Judge McKenna of this District, who is presiding over a nearly identical case brought against UBS. *See Memorandum and Order, In re UBS Auction Rate Securities Litigation*, 08-2967 (S.D.N.Y. July 16, 2008) ("UBS Order."), attached as Exhibit A to the Declaration of Michael G. McLellan (McLellan Dec.) (appointing one counsel to pursue PSLRA claims and separate counsel to pursue IAA and state common law claims)

**BACKGROUND**

The present action is one of three cases filed against certain Morgan Stanley in connection with the sale of Auction Rate Securities ("ARS").[1] The other two complaints ("PSLRA Cases") allege violations of § 10(b) of the Securities Exchange Act of 1934 and are therefore subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"), specifically including the PSLRA's mandatory discovery stay prior to the adjudication of a Motion to Dismiss and the PSLRA's lead plaintiff appointment process. 15 U.S.C. § 78u-4 (a)(3) & (b)(3)(B). In contrast, Bartholomew's complaint alleges violations of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-15(b) and state law common law claims, and is accordingly not subject to the requirements of the PSLRA.

This difference is significant. Due to the PLSRA's mandatory discovery stay, "delay is simply a part of the process in a PSLRA case." *Fisher v. Kanas*, 06-1187, 2006 WL 2239038, at *3 (E.D.N.Y. Aug. 4, 2006) (denying motion to lift PSLRA discovery stay.) Such delay would be prejudicial in this case. Bartholomew's Complaint alleges that Bartholomew and putative class members "were told that the ARS were as liquid as cash or money market funds such that the funds were accessible at any time." Bartholomew Complaint at ¶25. Bartholomew and his class members have now been wrongfully denied *any* access to these purportedly "highly liquid" funds and, accordingly, are suffering ongoing injury from denial of access to these moneys. For that reason, Bartholomew and his counsel chose a litigation strategy designed to ensure putative class members received relief as quickly as possible – to wit, one not subject to the delay inherent in actions governed by the PSLRA.

---

[1] The other two are *Miller v. Morgan Stanley & Co. Incorporated*, No. 08 CV 3012 and *Jamail v. Morgan Stanley & Co. Incorporated*, No. 08 CV 4910.

Granting Defendants' Motion would frustrate that purpose and thereby prejudice Bartholomew and the putative class he seeks to represent. This is so because such consolidation would inevitably mean Bartholomew's action would be subject to the mandatory delays created by the PSLRA's statutory scheme. That aside, the elements of proof in the Bartholomew action are markedly less difficult to sustain than those in the PSLRA Cases (*e.g.* proof and pleading of scienter, market efficiency and loss causation). Thus, full consolidation of the Bartholomew action with the PSLRA Cases would further prejudice Bartholomew by entangling his claims and action with claims substantially more complex and, hence, more likely to proceed at a slower pace.

That said, Plaintiff is mindful of the concerns of judicial economy and burden on the parties raised by Defendants' motion. For that reason, the best course of action would be a *limited* consolidation of Bartholomew's action with the PSLRA Cases, with coordination, so as to preserve and protect the interests of the putative class Bartholomew seeks to represent without prejudice to either Defendants or the PSLRA Cases. This is precisely the strategy followed by Judge McKenna in *In re UBS Auction Rate Securities Litigation. See UBS Order* at 12 – 13. In the *UBS* case, several PSLRA cases had been filed in connection with UBS's sales of auction rate securities, and Bartholomew's counsel had brought IAA and state common law claims in connection with same. Mindful of the concerns raised above – that is, the delay attendant to PSLRA cases – Judge McKenna denied to fully consolidate the IAA and state law claims with the PSLRA claims, instead appointing one counsel and plaintiff group to prosecute the PSLRA claims and a separate counsel to prosecute the IAA and state law claims. By doing so, Judge McKenna successfully balanced concerns of judicial economy and efficiency with the necessity of avoiding prejudice to the parties.

This Court should do the same here and order a *limited* consolidation, with coordination, of the cases filed here. Moreover, the Court should appoint Bartholomew's counsel – the law firm of Finkelstein Thompson LLP – as interim lead counsel to prosecute the IAA and state law claims. *See UBS Order* at 12 (noting counsel pressing IAA and state common law claims "did the initial work on those claims" and, therefore "it makes sense that they should remain responsible for prosecuting those claims."). Bartholomew has filed a motion seeking such appointment contemporaneously with this Opposition.

I.  **THIS COURT HAS THE AUTHORITY TO ORDER LIMITED CONSOLIDATION TO AVOID UNDUE PREJUDICE TO PARTIES**

Under F.R.C.P. 42, this Court has broad discretion to consolidate actions containing common questions of law or fact. *In re Air Crash at Belle Harbor, New York on November 12, 2001,* 02-1448, 2005 WL 1162448, at *2 (S.D.N.Y. May 10, 2005). In line with this broad grant of discretion, "the language of Rule 42 gives discretion to the District Court to determine when matters should be consolidated and, further, ***the nature and extent of the consolidation***." *Kiln Underwriting Ltd. v. Jesuit High School of New* Orleans, 06-4350, 2007 WL 2079607, at *1 (E.D.La. July 13, 2007). Thus, for example, this Court is empowered to consolidate actions for limited purposes, but to maintain separate tracks for discovery for each. *See, e.g.*, *Bank Brussels Lambert v. Chase Manhattan Bank*, 93-5298, 1996 WL 34357, at *1 (S.D.N.Y. Jan. 30, 1996) (consolidating four cases and noting "[n]othing contained herein is intended to require that all four cases be subject to a common discovery date.")

In the present case, such limited consolidation would serve the salutary purpose of "balanc[ing] the efficiency gained through consolidation against possible prejudice to the parties." *Haas v. Brookhaven Memorial Hosp.,* 07-4788, 2008 WL 822121, at *2 (E.D.N.Y. March 26, 2008). Indeed, consolidating Bartholomew's action with the 10b-5 actions but still

5

allowing the IAA and common law claims to maintain their independence under separate lead counsel would prevent undue prejudice to the IAA and common law claims. *See UBS Order* at 12 – 13; *see also Tyco Int'l Multidistrict Litig.*, 02-1335, 2003 WL 23830479, at *3 (D.N.H. Jan. 29, 2003) ("I will not stay discovery in the ERISA and Derivative Actions merely because they have been consolidated with the Securities Actions for pretrial purposes.").

## II. BARTHOLOMEW WOULD BE PREJUDICED IF HE IS REPRESENTED BY LEAD COUNSEL IN THE PSLRA CASES

Bartholomew and the putative class members he represents would be deeply prejudiced if his action is subject to the delays inherent in the PSLRA claims. As set forth above, Bartholomew and putative class members made their ARS investments with the understanding that such investments were to be treated as *cash*. When those investments were frozen, Bartholomew was denied access to moneys he fully expected to be accessible at any time necessary. That injury is ongoing so long as the ARSs continue to be frozen and, for that reason, Bartholomew's litigation strategy is designed to ensure his action is prosecuted as speedily as possible.

As such, Bartholomew did not include any claims subject to the PSLRA in his Complaint. Rather, Bartholomew chose causes of action designed to most speedily address his immediate concerns – that is, enabling him access to the funds wrongfully frozen in his ARS accounts.

Full consolidation of the Bartholomew action with the PSLRA actions would frustrate this purpose and thereby prejudice Bartholomew. As an initial matter, it is unclear if counsel in any of the PSLRA cases would even press the IAA and state law claims if appointed lead counsel. Those counsel have filed multiple cases against a wide variety of defendants in

6

connection with ARS investments and have consistently failed to assert such claims.[2] Moreover, even if a single lead counsel did include PSLRA and non-PSLRA claims in an amended complaint, Morgan Stanley would no doubt object to any attempt to seek discovery for the non-PSLRA claims as an attempt to circumvent the requirements of the PSLRA. Indeed, putative lead counsel in the PSLRA cases – Girard Gibbs – has indicated a willingness to ***further delay*** the proceedings by entering into a stipulation to stay the litigation entirely once lead counsel is appointed. *See* Letter from Daniel C. Girard to the Honorable Alvin K. Hellerstein, July 2, 2008, at 2 (McLellan Dec., Ex. B) ("Upon entry of orders consolidating the Morgan Stanley actions and appointing lead plaintiffs and counsel, the Court should stay further proceedings pending a decision by the JPML.") This would prevent the possibility of immediate benefits the Class could realize from a more timely prosecution of their claims, and militates further against full consolidation with representation by a single plaintiff or plaintiff group.

Rather, given the nature of this case – in which class members suffer ongoing prejudice by being denied access to assets investing in an investment vehicle purportedly equivalent to cash – the best interests of the class require making all necessary efforts to ensure the litigation is pressed as speedily as possible. If a single counsel is appointed to preside over the PSLRA and non-PSLRA claims, this purpose will be inevitably frustrated. For that reason, this Court should decline to fully consolidate the PSLRA and non-PSLRA cases.

---

[2] *See, e.g. Kraemer v. Deutche Bank AG et al* (S.D.N.Y. 08-2788); *Chandler v. UBS et al* (S.D.N.Y. 08-2967); *Defer LP v. Raymond James Financial, Inc.* (S.D.N.Y. 08-3449).

### III.  DISCOVERY CAN BE COORDINATED SUCH THAT ANY BURDEN ON DEFENDANTS IS MINIMAL

Bartholomew's interest in prompt resolution of his claims outweighs what interest Defendants might have in staying discovery pending resolution of a Motion to Dismiss in the PSLRA cases. *See Tyco Int'l Multidistrict Litig.*, 02-1335, 2003 WL 23830479, at *3 (D.N.H. Jan. 29, 2003) ("[A]ny interest that the defendants have in delaying discovery does not override the legitimate interest that the plaintiffs in the ERISA and Derivative Actions have in obtaining an expeditious resolution of their claims."). That said, in the event limited consolidation is granted, discovery could be structure to minimize any burden on Defendants.

While Bartholomew would not be willing to agree to a full stay of discovery, Bartholomew would be willing to limit any discovery to that already produced to law enforcement and regulatory agencies until adjudication of a Motion to Dismiss.[3] As such, Bartholomew will only seek materials already searched for, collected, numbered, and produced to the government. Thus, the "the burden of producing the materials should be slight, considering that the defendants have previously produced them to other entities." *In re Royal Ahold N.V. Securities & Erisa Litigation*, 220 F.R.D. 246, 250 (D. Md. 2004). As such, it is eminently reasonable to order the limited consolidation proposed here. *See In re Enron Corp. Securities, Derivative & "Erisa" Litigation*, 01-3624, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002); (rejecting "burden" objection to request for documents produced to regulators because "[i]n a sense this discovery has already been made, and it is merely a question of keeping it from a party.")

---

[3] Plaintiffs understand that Morgan Stanley has produced documents to various government regulators and law enforcement agencies. *See* Tomoeh Murakami Tse, *N.Y.'s Attorney General Subpoenas Finance Firms*, Washington Post, April 18, 2008, at D03 ("Cuomo's office has requested documents from firms including Goldman Sachs, **Morgan Stanley**, J.P. Morgan, Merrill Lynch and UBS. . .") (emphasis added). (Exhibit C to McLellan Dec.)

## **CONCLUSION**

For the reasons set forth herein, Bartholomew respectfully requests this court grant limited consolidation of his action with the PSLRA cases. Bartholomew further requests that his choice of counsel – Finkelstein Thompson LLP – be appointed interim class counsel for the IAA and state common law claims.

DATED:  New York, New York
           July 21, 2008

Respectfully submitted,

S**CHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**

_/s/ Frank R. Schirripa_____
Samuel P. Sporn (SPS-4444)
Joel P. Laitman (JL-8177)
Frank R. Schirripa (FS-1960)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile (212) 267-8137

*Local Counsel*

**FINKELSTEIN THOMPSON, LLP**
Burton H. Finkelstein, Esq.
Donald J. Enright, Esq.
Michael G. McLellen, Esq.
Elizabeth K. Tripodi, Esq.
1050 30th Street, N.W.
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Attorneys for Plaintiff James R. Bartholomew*

**CERTIFICATE OF SERVICE**

      I, Michael G. McLellan, one of the counsel for Plaintiff in the above-referenced action, do hereby certify that on July 21, 2008, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                                          __/s/ Michael G. McLellan_____
                                                          Michael G. McLellan